UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WAYNE STEVENS,

               Petitioner,                                Case Number: 2:07-CV-10653

v.                                                     HONORABLE PAUL D. BORMAN

DOUG VASBINDER,

               Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Mark Wayne Stevens has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, challenges his convictions for first-degree home invasion, altering or forging of licenses, fourth-degree fleeing and eluding a police officer, and operating a vehicle while intoxicated. For the reasons set forth below, the Court denies the petition.

**I.**

On September 22, 2004, Petitioner pleaded guilty in Midland County Circuit Court to first-degree home invasion in case number 2003-1643-FH, and to altering or forging of license plates, fourth-degree fleeing and eluding a police officer, and operating a vehicle while intoxicated in case number 2003-1386-FH. On October 22, 2004, he was sentenced as a second habitual offender to 9 to 30 years' imprisonment for the first-degree home invasion conviction and 5 to 7-1/2 years' imprisonment for the altering or forging of license plates, 2 to 3 years' imprisonment for fleeing and eluding a police officer, and 93 days for operating a vehicle while

intoxicated.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Mr. Stevens is entitled to re-sentencing because the sentencing guidelines range was enhanced by the scoring of Offense Variable 4 based on facts not proven to a jury beyond a reasonable doubt nor admitted by the defendant in support of his guilty plea, in violation of the Sixth and Fourteenth Amendments of the United States Constitution.
>
> II. Mr. Stevens is entitled to re-sentencing because the statutory guidelines were misscored as to Offense Variable 4, and the sentence is a departure from the statutory sentencing guidelines imposed without compliance with departure requirements.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Stevens*, No. 265029 (Mich. Ct. App. Oct. 18, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising only the first claim raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Stevens*, No. 130025 (Mich. Apr. 28, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claim:

> Petitioner is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of Offense Variable 4 based on facts not proven to a jury beyond a reasonable doubt nor admitted by Petitioner in support of his guilty plea, in violation of *Blakely v. Washington*, . . . and the Sixth and Fourteenth Amendments of the United States Constitution.

**II.**

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

3

**III.**

Petitioner claims that he is entitled to habeas relief because the trial court increased his sentence based upon facts not determined by the jury or admitted by Petitioner in violation of the Sixth Amendment and Fourteenth Amendment. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Michigan has an indeterminate sentencing system for most crimes, including those for which Petitioner was sentenced. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also People v. Drohan*, 475 Mich. 140, 160-61 (2006). In *Blakely*, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that

4

entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."). *Minner v. Vasbinder*, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Habeas relief, therefore, is denied.

## IV.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas

petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: October 21, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 21, 2008.

s/Denise Goodine<br>
Case Manager